633 F.Supp. 1356 (1986)
B & H OPTICKS, INC., d/b/a Pearl Vision Center, Plaintiff,
v.
INTERNAL REVENUE SERVICE, and Janice Patrice Nelson, and Allan H. Zerman, and Stanley Rabushka, Defendants.
No. 85-2990C(6).
United States District Court, E.D. Missouri, E.D.
May 13, 1986.
*1357 Gary H. Lange, Barley, Goffstein, Bollato & Lange, St. Louis, Mo., for plaintiff.
Wesley E. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Allan Zerman, Stanley D. Rabushka, Clayton, Mo., Robert D. Metcalfe, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

MEMORANDUM
GUNN, District Judge.
This is an action in interpleader. Plaintiff B & H Opticks (B & H) tendered into court $10,533.86, the amount of a debt owed to Ronald Nelson for employment services rendered B & H prior to the commencement of this action. B & H was prompted to file suit by its receipt of notice of competing claims on the debt filed by defendants United States through its agent, the Internal Revenue Service; Janice Patrice Nelson, former wife of Ronald Nelson; and Allan H. Zerman and Stanley Rabushka, attorneys who apparently represented the Nelsons in their divorce proceedings. The $10,533.86 is insufficient to satisfy all the claims made upon it; hence, B & H seeks a declaration of priority among the competing claims.
The United States, as the proper party defendant substituted for the named Internal Revenue Service, has moved the Court for summary judgment on the ground that its federal tax lien has priority over all other claims on the interpleaded fund. A reading of the applicable sections of the revenue law gives clear support to the position of defendant United States, which is entitled to judgment as a matter of law. Since payment of the tax assessment will exhaust the fund, no issue of fact remains in this case concerning the priority of claims on the fund made by the other party defendants, and summary judgment is appropriate. See Buller v. Buechler, 706 F.2d 844 (8th Cir.1983).
Failure to pay taxes owing to the federal government creates a lien in the amount of the liability in favor of the United States on all property and rights to property belonging to the taxpayer. 26 U.S.C. § 6321. The lien attaches at the time of the tax assessment, 26 U.S.C. § 6322; United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954); Rice Investment Co. v. United States, 625 F.2d 565 (5th Cir.1980), and covers not only property in the possession of the taxpayer at the time of assessment but also any after-acquired property that comes into the taxpayer's possession throughout the duration of the lien. Id. *1358 The lien continues until the liability for the assessed amount is satisfied, 26 U.S.C. § 6322, and, once perfected, the lien has priority over all interests subsequently created in the subject property apart from certain enumerated interests excepted by statute. 26 U.S.C. § 6323.[1]
In the instant case the IRS assessed tax liabilities of $31,654.06 against Ronald Nelson on April 2, 1984. The lien created thereby, which was filed with the Recorder of Deeds of St. Louis County on that date in accordance with statute, 26 U.S.C. § 6323(f), runs against all property or rights to property belonging to Nelson, including the debt owed him by B & H. A notice of levy with respect to this debt was served by the IRS on B & H d/b/a Pearl Vision Center on November 6, 1985. The other claims on the interpleaded fund were all filed subsequent to the perfection of the IRS lien.[2] Hence, the claim of the United States has priority, and the IRS is entitled to the full amount tendered into court.

Motion for Recovery of Attorneys' Fees
"[A] stakeholder who interpleads funds into court is not entitled to attorneys' fees if such award would diminish the portion of the interpleaded fund to which the United States is entitled by virtue of its tax lien." Juengel Construction Co. v. Moenning, 78-2 U.S.T.C. ¶ 9812, 85, 745 (E.D. Mo.1978); see also Millers Mutual Ins. Ass'n v. Wassall, 738 F.2d 302 (8th Cir. 1984). Since the United States holds a priority lien on Ronald Nelson's property in excess of the amount interpleaded in this action, an award of attorneys' fees in this case would impermissibly diminish the amount of the government's recovery and must therefore be denied in accordance with §§ 6321 and 6322 of the revenue laws.
NOTES
[1] The United States in its memorandum in support of its motion for summary judgment anticipates an argument by defendants Zerman and Rabushka that their claims enjoy a "superpriority" status under § 6323(b)(8), which excepts from IRS priority attorneys' liens on property acquired as a judgment or in satisfaction of a legal settlement, either of which the attorney dedicated professional services to obtain. The Court agrees that the legal fee claims in the instant case do not fall under § 6323(b)(8). The debt on which the United States seeks to levy does not represent a settlement or judgment secured through the services of the defendant attorneys, but rather represents expected compensation for services rendered by Ronald Nelson to B & H.
[2] The other claims were filed on May 29, 1985 (Janice Nelson), June 26, 1985 (Allan Zerman), June 26, 1985 (Stanley Rabushka) and November 7, 1985 (Janice Nelson).