**Wendell W. CROW, in his capacity as Trustee under Deed of Trust, Plaintiff,**

v.

**Charles A. LONG, Sr.; Anna L. Long Sanders; St. Francis Hospital, Inc., Dr. Rufus M. Brown, M.D.; Tom K. O'Loughlin, II in his capacity as Trustee in the Bankruptcy of Anna Long Sanders, and United States of America, Defendants.**

No. S 88–88 C(5).

United States District Court,
E.D. Missouri,
Southeastern Division.

June 28, 1989.

H. Mark Preyer, Crow, Reynolds & Preyer, Kennett, Mo., for plaintiff.

Robert D. Metcalfe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Thomas E. Dittmeier, U.S. Atty. by Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo., John W. Nichols, Anna Long Sanders, Kennett, Mo., for defendants.

MEMORANDUM

LIMBAUGH, District Judge.

This case has been submitted to the Court on the pleadings, stipulation of facts and the briefs submitted by the parties. On the basis of the foregoing, the Court makes the following findings of fact and conclusions of law:

*Findings of Fact.*

This is an interpleader action commenced by the plaintiff, Wendell W. Crow, with the filing of his petition for interpleader on April 5, 1988, in the Circuit Court for Dunklin County, Missouri. Named as defendants therein were Charles A. Long, Sr., Anna L. Long Sanders (the former wife of Charles A. Long, Sr.), St. Francis Hospital, Inc., Dr. Rufus M. Brown, M.D., Tom K. O'Loughlin (in his capacity as Trustee of the bankruptcy estate of Anna L. Long Sanders) and the United States of America.

A summons and a copy of the petition referred to in paragraph 1, above, were served upon the United States Attorney for the Eastern District of Missouri on April 13, 1988. This case was subsequently removed to the United States District Court for the Eastern District of Missouri by the United States on May 13, 1988.

The interpleaded fund in this civil action consists of the surplus proceeds from the sale of a certain parcel of real property that was formerly owned by the defendants, Charles A. Long, Sr., and Anna L. Long (Sanders). This parcel of real property was located in Dunklin County, Missouri, and was purchased by Charles A. Long, Sr., and his wife, Anna L. Long from Corbett Lee Reagan and Jeffie Lee Reagan in July, 1970.

The defendants Charles A. Long, Sr. and Anna L. Long, defaulted in their payment of the promissory note given to the Reagans at the time of the purchase of the Dunklin County, Missouri property. Wen-

dell W. Crow, the trustee under the deed of trust dated July 17, 1970, which secured the payment of the promissory note given to the Reagans by the defendants, Charles A. Long, Sr. and Anna L. Long, exercised the power of sale granted to him in the deed of trust to foreclose the deed of trust and to sell the Dunklin County property on or about March 8, 1988 to Charles E. Shown for the sum of $22,220.00.

After satisfaction of the unpaid promissory note given by the defendants, Charles A. Long, Sr. and Anna L. Long to the Reagans, the sum of $8,555.51 remained. Following demands made by the defendants for the payment of all or part of the remaining funds, the trustee, Wendell W. Crow, commenced the instant interpleader action in the Dunklin County Circuit Court.

The claims of the defendants, Charles A. Long, Sr., and his former wife, Anna L. Long (Sanders), are based upon their prior ownership of the Dunklin County property which was sold to satisfy the unpaid promissory note and deed of trust. Anna L. Long (Sanders) also asserts a claim to the interpleaded fund which is based upon an alleged homestead exemption under Missouri law, 513.475 R.S.Mo. Charles and Anna were divorced in December 1986. He assigned all interest in the real estate to Anna in a property agreement. The defendant, Charles A. Long, Sr., has failed to answer, plead or otherwise defend in this civil action, or to respond to the discovery served upon him by the United States, and is therefore wholly in default.

The claim of the defendant, St. Francis Hospital, Inc. is apparently based upon a judgment obtained against the defendant, Charles A. Long, Sr. St. Francis Hospital, Inc., has failed to plead, answer or otherwise defend in this civil action, or to respond to discovery served upon it by the United States, and is therefore wholly in default.

The claim of the defendant, Dr. Rufus M. Brown, M.D. is apparently based upon a judgment obtained by him against the defendants, Charles A. Long, Sr. and Anna L. Long. Dr. Brown has failed to plead, answer or otherwise defend in this civil action or to respond to the discovery served upon him by the United States and is wholly in default.

The defendant, Tom K. O'Loughlin, Trustee has acknowledged that he has no interest in the interpleaded fund. *See* answers of the defendant, Tom K. O'Loughlin, to first set of interrogatories of the United States, numbers 1 and 5.

The claim of the United States of America is based upon the notices of federal tax lien that were filed against the defendants, Charles A. Long and Anna Long, with the Recorder of Deeds for Dunklin County, Missouri. As indicated below, a delegate of the Secretary of the Treasury properly and timely made assessments against the defendants, Charles A. Long, Sr. and Anna Long, for unpaid federal income taxes, penalties and interest for the 1984 and 1985 taxable years in the following amounts:

| Type of Tax | Taxable Period Ending | Date of Assessment | Amount of Assessment | Unpaid Balance of Assessments as of 12/27/88 |
|---|---|---|---|---|
| INCOME– Form 1040 | 12/32/84 | 9/18/86 | $5,459.99(1) 1,365.00(2) 343.93(3) 1,866.92(4) | |
| | | 2/15/88 | 4.50(6) | |
| | | | | $11,680.19 |
| INCOME– Form 1040 | 12/31/85 | 9/18/87 | $4,082.58(1) 551.15(2) 102.06(5) 154.98(4) | |
| | | 4/20/87 | 4.50(6) | |
| | | | | $ 4,767.89 |

(1) Indicates the assessment made for federal income tax.

(2) Indicates the assessment made for the delinquency penalty.

(3) Indicates the assessment made for the estimated tax penalty.

(4) Indicates the assessment made for statutory interest.

(5) Indicates the assessment made for the failure to pay tax penalty.

(6) Indicates assessed lien and fee costs.

Notices of federal tax lien corresponding to the above-described tax assessments were filed against the defendants, Charles A. Long, Sr. and Anna L. Long with the Recorder of Deeds for Dunklin County, Missouri, on October 13, 1987 (for the 1984 taxable year), and March 26, 1987 (for the 1985 taxable year).

On or about March 15, 1988, following the sale of the Dunklin County property, Revenue Officer Steve Rickard served a notice of levy upon Mark Preyer, the attorney for the trustee, Wendell W. Crow, for the sales proceeds in satisfaction of the unpaid federal income tax liabilities of Charles A. Long, Sr. and Anna L. Long.

As previously noted, the defendants, Charles A. Long, Sr., St. Francis Hospital, Inc., and Dr. Rufus Brown, M.D., have asserted no claim to the interpleaded funds and are wholly in default in this proceeding to determine the priority of the respective claims of the parties. The former Trustee of the bankruptcy estate of Anna L. Long Sanders, Tom K. O'Loughlin, has acknowledged that he has no claim to the interpleaded fund in his responses to the interrogatories served by the United States in this case. The sole remaining issue for determination is the respective priorities of the claims of the defendants, Anna L. Long Sanders and the United States of America.

### Conclusions of Law.

Section 6321 of the Internal Revenue Code of 1986 (26 U.S.C.) provides that:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The substantive meaning and legal effect of the tax lien created upon the assessment of the tax under 26 U.S.C. § 6321 was summarized by the Court in the case of *B & H Opticks, Inc. v. Internal Revenue Service,* 633 F.Supp. 1356, 1357–58 (E.D.Mo. 1986), as follows:

Failure to pay taxes owing to the federal government creates a lien in the amount of the liability in favor of the United States on all property and rights to property belonging to the taxpayer. 26 U.S.C. § 6321. The lien attaches at the time of the tax assessment, 26 U.S.C. § 6322; *United States v. City of New Britain,* 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954); *Rice Investment Co. v. United States,* 625 F.2d 565 (5th Cir.1980), and covers not only property in the possession of the taxpayer at the time of the assessment but also any after-acquired property that comes into the taxpayer's possession throughout the duration of the lien. *Id.* The lien continues until the liability for the assessed amount is satisfied, 26 U.S.C. § 6322, and once perfected, the lien has priority over all interests subsequently created in the subject property apart from certain enumerated interests excepted by statute. 26 U.S.C. § 6323.

(footnote omitted).

It is well-settled that federal law determines the priority of competing liens or claims asserted against the taxpayer's "property or rights to property" in cases involving a federal tax lien. *Aquilino v. United States,* 363 U.S. 509, 514, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960); *Dugan*

*v. Missouri Neon & Plastic Advertising Company,* 472 F.2d 944, 949 (8th Cir.1973).

■ As a general rule, the federal law of priorities, with certain exceptions not relevant here, is determined by the order in which the liens attach to the property. This is the rule of "first in time, first in right." *United States v. City of New Britain,* 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954).

With respect to the tax assessments made against the defendants, Charles A. Long and Anna L. Long (Sanders), the tax liens of the United States are clearly prior to the claims and rights of the other defendants in this action.

As evidenced by the certificates of assessments and payments for the defendants, Charles A. Long, Sr. and Anna L. Long (Sanders), for the 1984 and 1985 taxable years (defendant United States exhibits A and B), the tax liens of the United States came into existence upon the assessments of the taxes on September 18, 1987 (1984 taxable year) and August 18, 1986 (1985 taxable year), and attached to all "property and rights to property" of Charles A. Long, Sr. and Anna L. Long (Sanders). 26 U.S.C. §§ 6321, 6322; *B & H Opticks, Inc. v. Internal Revenue Service, supra.*

The general federal tax lien which arose upon the making of the assessments on September 18, 1987 (1984 taxable year) and August 18, 1986 (1985 taxable year) attached to the "property" owned by Charles A. Long, Sr. and Anna L. Long (Sanders) in the form of the parcel of real property located in Dunklin County, Missouri, and subsequently to their "rights to property" in the form of their rights to receive the proceeds from the sale of the subject real property by the trustee under the terms of the deed of trust. *See Tony Thornton Auction Service v. United States,* 791 F.2d 635, 638 (8th Cir.1986).

■ These federal tax liens became valid as against all subsequently arising interests, including purchasers, holders of security interests, mechanic's lienors and judgment lien creditors when the notices of federal tax lien were filed with the Recorder of Deeds for Dunklin County, Missouri, on October 13, 1987 (for the 1984 taxable year) and March 26, 1987 (for the 1985 taxable year). 26 U.S.C. §§ 6323(a), 6323(f).

The claim of the defendant, Anna L. Long Sanders, is based upon the homestead exemption provisions of Section 513.475 of the Missouri Revised Statutes. This defendant asserts that she filed her voluntary Chapter 7 bankruptcy petition (Case No. 87–10451SE) on October 14, 1987, and that she was given a discharge in bankruptcy on February 24, 1988. A final decree was apparently issued on March 17, 1988. She further asserts that she claimed as her "homestead exemption" in her bankruptcy proceedings equity in the Dunklin County property in the amount of $8,000.00.

Although the defendant, Anna L. Long Sanders, may have indeed claimed $8,000.00 worth of the equity in the context of the Chapter 7 bankruptcy proceedings as her "homestead exemption" under Missouri law, her act in doing so did not increase or change the nature of her interest in the Dunklin County property or the proceeds from the sale of such property. As her claim to the interpleaded fund is both inferior and subsequent to the federal tax liens here, the entire interpleaded fund must be awarded to the United States.

Section 522(b) of the Bankruptcy Code (11 U.S.C.) provides that an individual debtor may "exempt from the property of the estate" certain limited types and amounts of property. Section 522(d) of the Bankruptcy Code allows an exemption for property used as a residence, which in this case would apply to the Dunklin County property formerly owned by the defendants, Charles A. Long, Sr. and Anna L. Long (Sanders). The value of this "homestead exemption" may not exceed $7,500.00 of the value of the debtor's aggregate interest in her real property that is used as a residence. 11 U.S.C. § 522(d)(1).

Although the automatic stay imposed by Section 362(a) of the Bankruptcy Code prevents the enforced collection of federal taxes during the period between the filing of

the petition in bankruptcy and the granting of a discharge in bankruptcy, non-dischargeable tax claims may be collected after bankruptcy from property which is exempt under the Bankruptcy Code. 11 U.S.C. §§ 522(c)(1), 522(c)(2)(C).

Section 522(c)(2)(C) specifically makes otherwise exempt property (such as the homestead exemption at issue here) subject to tax claims which are secured by a properly filed federal tax lien. Accordingly, since the federal taxes assessed against Charles A. Long, Sr. and Anna L. Long (Sanders) for the 1984 and 1985 taxable years were not discharged in her Chapter 7 bankruptcy (as detailed below), they may be satisfied from the proceeds from the sale of the Dunklin County property which constitutes the interpleaded fund in this case.

Under Section 523(a)(1)(A) of the Bankruptcy Code, federal income taxes entitled to a seventh priority in payment under 11 U.S.C. § 507(a)(7) are excepted from discharge. This applies here to the federal income taxes assessed against Charles A. Long, Sr. and Anna L. Long (Sanders) for both the 1984 and 1985 taxable years, as their federal income tax returns for those taxable years were due to be filed within three years of the filing of the Chapter 7 bankruptcy petition on October 14, 1987.

The "homestead exemption" therefore, provides no independent basis for an affirmative claim by the defendant, Anna L. Long Sanders, to the interpleaded fund. Similarly, the defendant Anna L. Long Sanders, may not resist the collection of her unpaid federal income taxes from the interpleaded fund on any theory that the taxes involved were somehow discharged in her bankruptcy, as the discussion set forth here clearly demonstrates that the taxes at issue were not discharged.

Consequently, the United States is entitled to recover the entire interpleaded fund in this action in the amount of $8,555.51, plus accrued interest. Since the tax claims of the United States will completely exhaust the interpleaded fund, it is unnecessary to address the remaining claims of the parties.

The plaintiff, Wendell W. Crow, has sought his attorneys' fees and costs in this action in his petition for interpleader. Although it produces an inequitable result, this request must be denied, as prior case law mandates that a plaintiff may not recover attorneys' fees and costs where such recovery would reduce or otherwise diminish the amount that the United States would be entitled to recover by virtue of its prior and superior federal tax liens. *Millers Mutual Insurance Association v. Wassall*, 738 F.2d 302, 303–04 (8th Cir. 1984).

## ORDER

In accordance with the Memorandum filed herein this date,

IT IS HEREBY ORDERED that the petition for interpleader be and hereby is granted and the plaintiff, Wendell W. Crow, is discharged from any further liability in this case.

IT IS FURTHER ORDERED that the entire interpleaded fund of $8,555.51, plus any interest accrued thereon, is awarded to the defendant, the United States of America.

IT IS FURTHER ORDERED that the defendants, Charles A. Long, Sr., St. Francis Hospital, Inc., Dr. Rufus M. Brown, M.D., Tom K. O'Loughlin, Trustee and Anna L. Long Sanders shall take nothing in this action.

IT IS FURTHER ORDERED that the request of the plaintiff, Wendell A. Crow, for attorneys' fees and costs in this action is denied.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to disburse the entire interpleaded fund of $8,555.51, together with any interest accrued thereon, to the United States.