**In re Elmer J. "John" BRADDOCK, and Betty A. Braddock, d/b/a 2J's Produce, Debtors.**

**John BRADDOCK, and Betty Braddock, d/b/a 2J's Produce, Plaintiffs,**

**v.**

**UNITED STATES of America, By and Through the INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 91–30371–7.
Adv. No. 92/00068.**

United States Bankruptcy Court,
D. Montana.

Oct. 20, 1992.

Doris M. Poppler, U.S. Atty., Joan Steele Dennett, Sp. Asst. U.S. Atty., Helena, MT, for debtors/defendants.

Jon R. Binney, Milodragovich, Dale & Dye, P.C., Missoula, MT, for plaintiffs.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 20th day of October, 1992.

In this Adversary Proceeding the Debtors/Plaintiffs filed a motion for summary judgment on September 14, 1992. The parties have filed briefs, and submitted stipulated facts on September 3, 1992. This matter is deemed submitted and ripe for decision.

At issue is whether the Debtors' homestead exemption is entitled to priority over the Defendant's subsequently filed tax lien in light of 11 U.S.C. § 522(c)(2)(B).[1] Under the reasoning of *Isom v. United States, (In re Isom)*, 901 F.2d 744 (9th Cir.1990), this Court holds that it is not, and denies Debtors' motion for summary judgment.

This Court most recently addressed summary judgment as follows in *Hellwitz v. Black (In re Black)*, 11 Mont. B.R. 24, 26–27 (Bankr.Mont.1992):

> This Court recently summarized the standard for summary judgment as follows in *Martinson v. Towe, (In re Towe)*, 10 Mont. B.R. 380, 382–383 (Bankr.Mont. 1992):
>
>> At the outset, the Court finds it instructive to review the standards generally applicable to Motions for Summary Judgment, most recently set forth in *In re Skywalker, Inc.*, 10 Mont. B.R. 87, 93–94 (Bankr.Mont. 1991):
>>
>> Bankruptcy Rule 7056, incorporating Rule 56(c), Fed.R.Civ.P., states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

> \*　\*　\*　\*　\*　\*
>
> (2) a debt secured by a lien that is—
>
> \*　\*　\*　\*　\*　\*
>
> (B) a tax lien, notice of which is properly filed;

---

1. (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

The parties have stipulated to the following facts:

1. Plaintiffs/Debtors Braddock filed the above-referenced bankruptcy on or about March 8, 1992, as Case No. 91–30371.

2. The claim for relief in the adversary proceeding is one arising in, under and related to the above-described matter, of which the United States District Court for the District of Montana has jurisdiction pursuant to 28 U.S.C. § 1334.

3. The proceeding arising in, under and related to the above-described matter has been referred to the United States Bankruptcy Court by general order of reference promulgated by the District Court of this federal jurisdiction and venue. The parties agree that this is a core proceeding, but if the Court determines it is a non-core proceeding, the parties, and both of them consent to entry of Final Order and Judgment by the Court herein.

4. Defendant is the Internal Revenue Service (IRS), an agency of the United States Government, Department of Treasury. Defendant has been served by service on the United States Attorney and the United States Attorney General.

5. Plaintiffs are the owners of certain real property located in Missoula County, Montana, which property is their homestead, and was at the time of filing of the instant bankruptcy, their homestead.

6. Prior to filing of bankruptcy, on or about February 28, 1985, Plaintiffs granted a Trust Indenture to First Bank (N.A.) Western and the Small Business Administration against said property.

7. Debtors properly filed a homestead exemption on February 12, 1990.

8. On or about March 21, 1990, the Internal Revenue Service filed a Notice of Lien against said real property.

9. Subsequent to the filing of the instant bankruptcy in March of 1991, the Internal Revenue Service filed Proof of Claim in the amount of Thirty–Nine Thousand, Two Hundred Fifty–Nine and 60/100 Dollars ($39,259.60) as a secured claim in the Debtors' above-referenced property as well as a non-secured priority claim in the amount of Twelve Thousand, Three Hundred Seventy–Seven and 84/100 Dollars ($12,377.84).

10. On or about March 21, 1991, Debtors filed their bankruptcy schedules, and claimed the above-referenced homestead as exempt property.

11. Debtors' creditor meeting occurred on or about May 7, 1991.

12. No objection to Debtors' homestead has been filed by the Trustee or the Internal Revenue Service as to Debtors' homestead exemption. Creditor, C.H. Robinson, objected to Debtors' homestead on June 5, 1991, on P.A.C.A. grounds, but withdrew the objection on June 14, 1991.

Based upon the above stipulated facts, this Court finds that there are no genuine issues of material fact. The issue is solely one of law, i.e., whether the Debtors may void or take priority over the Defendant's tax lien by means of their homestead exemption.

■ The Debtors advance several arguments in support of their position that their homestead exemption should take priority over and void the Defendant's tax lien, except to the extent of proceeds remaining from the sale of the homestead property after satisfying the secured creditors and the Debtors' homestead exemption. First, the Debtors argue that the Trustee's and Defendant's failure to timely object to the Debtors' claimed homestead exemption resulted in the property being exempt even when there is no valid statutory basis to the exemption, citing *Taylor v. Freeland & Kronz*, — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

In *Taylor*, the United States Supreme Court provided the following summary of the procedure for claiming exemptions:

When a debtor files a bankruptcy petition, all of his property becomes property of a bankruptcy estate. See 11 U.S.C. § 541. The Code, however, allows the

debtor to prevent the distribution of certain property by claiming it as exempt. Section 522(b) allowed Davis to choose the exemptions afforded by state law or the federal exemptions listed in § 522(d). Section 522(1) states the procedure for claiming exemptions and objecting to claimed exemptions as follows:

> "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt."

Although § 522(1) itself does not specify the time for objecting to a claimed exemption, Bankruptcy Rule 4003(b) provides in part:

> "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) ... unless, within such period, further time is granted by the court."

*Taylor,* — U.S. at ——, 112 S.Ct. at 1647.

The Debtors claim that under *Taylor,* because the Trustee and the Defendant failed to timely object, the Debtors are entitled to the full homestead exemption of $40,000 in their homestead or the proceeds from the sale thereof. However, the Defendant does not contest the validity of the Debtors' homestead exemption. Instead, the Defendant points out that under 11 U.S.C. § 522(c)(2)(B), tax liens which are properly filed are excepted from the general rule that exempt property is not liable during or after the case for any debt that arose before the commencement of the case.

■ This Court agrees that the Debtors have a valid homestead exemption. However, we reject the Debtors' argument that *Taylor* stands for the proposition that the holder of a properly filed tax lien must also file an objection to a homestead exemption in order to hold the homestead liable. Such a tax lien is specifically excepted from the general rule by the language of § 522(c)(2)(B). Debtors' argument based upon *Taylor* would render § 522(c)(2)(B)

superfluous by requiring holders of tax liens to file objections like other creditors. Courts should disfavor interpretations of statutes that render language superfluous. *Connecticut National Bank v. Germain,* — U.S. ——, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). This Court declines to strip the statute of its effect by adopting Debtors' first argument. Because there is no issue of whether the Debtors' homestead exemption is valid, the holding of *Taylor* is inapposite to the facts of this case, and the Debtors' first argument is without merit.

The Ninth Circuit wrote the following on the relationship between exempt property and tax liens on that property:

> Finally, the debtors argue, and the BAP dissenting judge agreed, that allowing the liens to remain defeats the fresh start policy underlying the bankruptcy code. We disagree. 11 U.S.C. § 522 allows debtors to exempt stated property from the bankrupt estate so that they may have a fresh start. It also provides for the survival of tax liens on that property. 11 U.S.C. § 522(c)(2)(B). In defining fresh start, Congress took cognizance of the fact that tax liens would survive.

*In re Isom,* 901 F.2d 744, 746 (9th Cir. 1990).

Unlike in *Taylor,* in *Isom* § 522(c)(2)(B) was addressed and was construed to provide for the survival of tax liens on exempt property. 901 F.2d at 746.

■ Debtors second argument is that the Debtors' homestead exemption was filed before the Defendant's tax lien, and by the general rule of priorities that "first in time is first in right" the Debtors' homestead has priority. Debtors cite *Crow v. Long,* 107 B.R. 184, 187 (E.D.Mo.1989) in support of their second argument, and argue in their brief that the *Crow* court gave priority to the IRS's "tax lien as against the debtor's homestead exemption only upon the finding that the debtor's homestead exemption was *subsequent* to the [IRS's] claim." Upon review of *Crow,* this Court finds that the Debtors mischaracterize that opinion, as shown by the following

quote: "As her claim to the interpleaded fund is *both inferior and subsequent to* the federal tax liens here, the entire interpleaded fund must be awarded to the United States." *Id.* at 187 (Emphasis added). Thus it was not only the fact that the tax lien was filed before the homestead exemption which governed the decision in *Crow,* as the Debtors claim, but also the fact that the homestead was inferior to the tax lien.

The court in *Crow* recognized that § 522(c) makes exempt property subject to tax liens:

Although the automatic stay imposed by Section 362(a) of the Bankruptcy Code prevents the enforced collection of federal taxes during the period between the filing of the petition in bankruptcy and the granting of a discharge in bankruptcy, non-dischargeable tax claims may be collected after bankruptcy from property which is exempt under the Bankruptcy Code. 11 U.S.C. §§ 522(c)(1), 522(c)(2)(C) [sic].

Section 522(c)(2)(C) [sic] specifically makes otherwise exempt property (such as the homestead exemption at issue here) subject to tax claims which are secured by a properly filed federal tax lien.

107 B.R. at 188.

Thus, Debtors' reliance on *Crow* in support of their "first in time" argument is undermined by the reasoning in *Crow* construing § 522(c)(2). The "first in time" argument does not apply to tax liens, and Debtors' second argument is without merit.

The Ninth Circuit went further than *Crow* and held that even tax liens based upon dischargeable tax debt survive bankruptcy:

The debtors argue that the liability becomes legally unenforceable upon the discharge of taxes in bankruptcy, so the liens must be released. We disagree. The liability for the amount assessed remains legally enforceable even where the underlying tax debt is discharged in the bankruptcy proceeding. A discharge in bankruptcy prevents the I.R.S. from taking any action to collect the debt as a personal liability of the debtor. The debtors concede, however, that their property remains liable for a debt secured by a valid lien, including a tax lien. *See Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); *see also Southtrust Bank v. Thomas (In re Thomas),* 883 F.2d 991, 997 (11th Cir. 1989) (discussing Congressional intent to codify the rule of *Long v. Bullard*); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 361, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5862; S.Rep. No. 95–989, 95th Cong., 2d Sess. 76, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5862 (indicating Congressional intent that the rule of *Long v. Bullard* survive).

We hold that 26 U.S.C. § 6325(a)(1) does not require the I.R.S. to release valid tax liens when the underlying tax debt is discharged in bankruptcy.

The debtors argue that although *liability* is not defined in the tax code, "liability for the amount assessed" refers only to personal liability. We reject that strained reading of § 6325. That provision is designed to protect taxpayers by requiring the I.R.S. to release liens when the tax debt has become satisfied or is no longer legally enforceable. Allowing these liens to remain alive does not defeat the purpose of § 6325 because Congress intended for valid tax liens to survive bankruptcy.

*In re Isom,* 901 F.2d at 745–746.

Based upon the foregoing, this Court holds that Debtor Elmer J. Braddock is not entitled to summary judgment as a matter of law, and Debtors' motion for summary judgment with respect to Elmer J. Braddock is denied.

The motion with respect to Debtor Betty Ann Braddock is more troublesome. This Court has previously held that Betty Braddock is has no ownership interest in 2J's Produce, and is therefore not liable for any tax debts of 2J's Produce. This Court shall not revisit that issue here. The Notice of Federal Tax Lien filed by the Defendant lists the taxpayer's name as "E. John Braddock DBA 2J's Produce Supply." Betty Ann Braddock is not listed on the Notice of

Federal Tax Lien. The Defendant's Proof of Claim describes the taxes as primarily FICA taxes. As such, it would appear that the Defendant's tax lien reaches only Elmer J. Braddock's property, including the homestead exemption, and not Betty Ann Braddock's homestead exemption.

The stipulated facts do not describe whether the Debtors own the homestead property as joint tenants, although the Declaration of Homestead attached to the stipulated facts declares that the Debtors own the property as joint tenants. Debtors argue that the Defendant implicitly concedes that its lien reaches only Elmer J. Braddock's property. It is true that the Defendant's brief fails to address the Debtors' third argument relative to Betty Ann Braddock's right to a homestead exemption. Since the motion for summary judgment is denied with respect to Elmer J. Braddock, and the terms of the IRS Notice of Federal Tax Lien do not apply to Betty Ann Braddock, nothing remains to be done in this adversary proceeding. The secured portion of the Defendant's tax lien has priority over Elmer J. Braddock's homestead exemption.

By reason of the foregoing, a separate Judgment shall be entered for the Defendant dismissed this adversary proceeding.

IT IS ORDERED the Debtors' motion for summary judgment, filed September 14, 1992, is denied.

IT IS FURTHER ORDERED a separate Judgment shall be entered for the Defendant dismissing this adversary proceeding.