In re Gary Lee GERULIS and Nancy Lee Gerulis, Debtors.

Gary Lee GERULIS and Nancy Lee Gerulis, Plaintiffs,

v.

UNITED STATES INTERNAL REVENUE SERVICE and Minnesota Department of Revenue, Defendants.

Bankruptcy No. 4–84–1610.
Adv. No. 4–84–229.

United States Bankruptcy Court,
D. Minnesota.

Sept. 18, 1985.

---

Fay E. Fishman, David L. Kraker, Minneapolis, Minn., for debtors/plaintiffs.

Beth A. Sabbath, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant I.R.S.

MARGARET A. MAHONEY, Bankruptcy Judge.

This matter came on for trial before the undersigned Judge on the basis of stipulated facts and facts determined in a prior partial summary judgment motion and briefs of counsel.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 and the Order of Reference of the District Court dated July 27, 1984.

Based upon the files, records and proceedings herein, I am discharging Debtors' tax liabilities for taxes, interest and penalties for the tax years 1974, 1975 and 1979 but I am not avoiding the portion of the liens relating to taxes, interest or penalties for 1974, 1975 and 1979. I am not discharging the 1981 tax debt for taxes, interest or penalties or avoiding the lien for those taxes.

### FACTS

The Debtors filed their Chapter 7 bankruptcy case on September 19, 1984. They claimed the exemptions available to them under 11 U.S.C. § 522(b)(2) (the "state law exemptions"). These exemptions included the equity in their homestead.

The Debtors have unpaid federal income taxes for the years 1974, 1975, 1979 and 1981. Prior to Debtors' bankruptcy filing, the IRS had assessed the Debtors for these taxes and had filed tax liens against the Debtors in Hennepin County, Minnesota, where the Debtors' homestead is located.

The facts that are relevant to this decision as to the federal income taxes are as follows:

| Tax Year | Tax | Amount Due Interest | Penalties | Date Return Filed | Assessment Date | Tax Lien Filing Date |
|---|---|---|---|---|---|---|
| 1974 | $2,509.51 | $5,635.95 | $1,155.58 | 6–16–75 | 7–17–78 | 3–9–79 |
| 1975 | $6,636.91 | $9,592.84 | $2,328.01 | 7–12–76 | 7–17–78 | 3–9–79 |
| 1979 | $3,340.63 | $4,407.63 | $2,119.50 | 7–19–82 | 7–19–82 | 12–2–82 |
| 1981 | $2,060.20 | $1,282.88 | $ 613.74 | 8–2–82 | 8–2–82 | 12–2–82 |

Debtors brought this adversary proceeding to determine which federal and state income taxes of the debtors are dischargeable.[1] During the proceedings, the issue of whether liens arising from these taxes against Debtors' property were avoidable was also raised.

On April 30, 1985, I entered a partial summary judgment in this matter. This judgment determined that the Debtors were discharged from all liability for their 1974 federal tax *debt*, including interest and penalties. I further found that the IRS liens solely as they related to the 1974, 1975 and 1979 tax *penalties* were avoided. This issue has again been raised by the IRS and will be addressed.

Therefore there are several issues for determination. They are:

1) The dischargeability of the 1981 tax debt of Debtors including interest and penalties;

2) The dischargeability of the tax debts of Debtors for 1975 and 1979;

3) The status of the liens of the IRS on the Debtors' property for all tax years.

1. The Minnesota Department of Revenue never answered in this proceeding although served. Accordingly, judgment is being granted in Debt-ors' favor against the Minnesota Department of Revenue by default.

#### 1. *The dischargeability of 1981 income tax liabilities*

■ 11 U.S.C. § 523(a)(1)(A) excepts from discharge taxes specified in 11 U.S.C. § 507(a)(7).[2] 11 U.S.C. § 507(a)(7) relates to income taxes "for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." The Debtors' income taxes for 1981 were due April 15, 1982. The Debtors' bankruptcy petition was filed on September 19, 1984. April 15, 1982 is within the three years preceding Debtors' bankruptcy filing. Thus the 1981 income tax debt, interest and penalties are not dischargeable debts of Debtor. See *Carlton v. Internal Revenue Service (In re Carlton)*, 19 B.R. 73 (D.C.N.M.1982) (tax penalties on nondischargeable taxes are not dischargeable).

#### 2. *The dischargeability of the income tax debts for tax years 1975 and 1979*

■ In my earlier order of April 30, 1985, I found that the 1974 tax debt of Debtors was discharged. Based on the facts now provided, I find that the 1975 and 1979 tax debts for taxes, interest and penalties are also discharged pursuant to 11 U.S.C. § 523(a)(1)(A) and (B). For 1975 and 1979 the tax returns were due April 15, 1976 and April 15, 1980 respectively. The returns were filed July 12, 1976 and July 19, 1982 respectively. Both were therefore tax returns which were due before three years before September 19, 1984, the date of the Debtors' bankruptcy filing and both returns were actually filed more than two years before September 19, 1984.

#### 3. *The status of the IRS liens on Debtors' property*

■ Although in a Chapter 7 bankruptcy case, a debtor may discharge *debts*

he has incurred prior to bankruptcy, a debtor's discharge in bankruptcy does not void *liens* of creditors. Creditors' liens survive a discharge in bankruptcy if not avoided. *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); *Clem v. Johnson*, 185 F.2d 1011 (8th Cir.1950), *cert. den.*, 341 U.S. 909, 71 S.Ct. 622, 95 L.Ed. 1346. Liens can only be avoided in certain instances by a debtor and must be avoided, in a Chapter 7 case, by the filing of an adversary proceeding to determine the validity, priority and extent of the liens. This is such an action.

■ It appears neither party at this time disputes the fact that the IRS liens for taxes and interest for 1974, 1975 and 1979 are not avoidable. I think this is correct. No Code section allows avoidance of the IRS liens as the liens relate to the tax itself and interest. The parties dispute whether the lien of the IRS can be avoided as to the tax penalties assessed by the IRS for the 1974, 1975, and 1979 tax years. The 1981 tax liens are not avoidable as the debt is not avoidable.

11 U.S.C. § 724(a) allows a trustee to avoid a lien of the kind specified in § 726(a)(4).[3] Section 726(a)(4) liens are those "... for any fine, penalty, or forfeiture ... to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim." Debtors argue that these Code sections require voiding of the IRS tax liens for 1974, 1975, and 1979 taxes. No evidence was offered to establish that the penalties represented "actual pecuniary loss" to the IRS. Therefore, the Debtors argue the criteria of §§ 724(a) and 726(a)(4) are met and the liens as to the tax penalties should be avoided. The IRS also argues that § 726(a)(4) liens can only be avoided as to "property of the estate" as that term is used in § 726(a)(4) and exempt property is not "property of the estate".[4]

---

**2.** Section 507(a)(7) is the proper section to look to although the Bankruptcy Code says § 507(a)(6). See Order of April 30, 1985.

**3.** The debtor has the power of a trustee in regard to lien avoidance on exempt property. 11 U.S.C. § 522(h).

**4.** Section 726(a) states:

The IRS position is based on the one case directly in point on this issue. *Carlton v. Internal Revenue Service (In re Carlton),* *supra.* The case involved two married debtors who sought to avoid a tax lien for federal income taxes. The Bankruptcy Court found that the liens securing the nondischargeable underlying tax debts were not avoidable but the fraud penalty liens were avoidable. The District Court reversed the bankruptcy court's ruling and found the lien for penalties to be nonavoidable.

■ The District Judge's decision is premised on two findings—that § 726(a)(4) only allows avoidance of liens against property of the estate and that the purpose of § 724 is the aiding of unsecured creditors, not debtors. Section 726(a)(4) states in a subparagraph of § 726(a) which deals with the distribution of "property of the estate" to creditors. Section 726 does not deal with exempt property. Therefore, the Court reasoned that § 724(a) in citing to § 726(a)(4) could only avoid liens attaching to nonexempt property, "property of the estate". I do not read § 724 in citing to § 726(a)(4) as incorporating the language of § 726(a). Section 724(a) cited § 726(a)(4) to describe a type of claim whose lien could be avoided. The claim description in paragraph (4) of § 726(a) is what is relevant. The context of paragraph (4) and its relationship to the rest of § 726 has nothing to do with its use in § 724(a).

■ The *Carlton* case further finds that the purpose of § 724 is to protect a debtor's unsecured creditors from the debtor's wrongdoing which causes penalties to accrue. If secured penalty claims are paid, unsecured creditors may suffer. See Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5882. However, the *Carlton* case states, this purpose is not served by allowing avoidance of liens on exempt property. In exempt property

cases, if a penalty lien is avoided, the "wrongdoer" himself, the debtor, gains, not unsecured creditors. I agree with the district court that Congress intended that § 724 benefit unsecured creditors. However, I do not find that the language of the statute is written in a manner which precludes the statute's use by a debtor for his own benefit. The clear wording of the statute allows a trustee to avoid a lien of the type specified in § 726(a)(4). 11 U.S.C. § 522(h)(1) allows a debtor to avoid a transfer under § 724(a) as if he were the trustee.

Even if § 724(a) allows tax penalty liens to be avoided, the IRS argues that § 522(c)(2) governs the dischargeability of tax penalty liens on exempt property. It states:

(c) Unless a case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

\*　　\*　　\*　　\*　　\*　　\*

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed.

■ The IRS in this case argues that § 522(c)(2)(B) precludes discharge of these debtors' tax penalty debts. As quoted above, § 522(c)(2) states at § 522(c)(2)(A) that a lien that is "not avoided under ... section ... 724(a) of this title" is not avoided as to exempt property. Here, I am finding that the lien of debtors for income tax penalties for 1974, 1975 and 1979 *is*

---

Except as provided in section 510 of this title, *property of the estate* shall be distributed—
\*　\*　\*　\*　\*　\*

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty or forfeiture....
(Emphasis added).

288

avoided under § 724(a). However, § 522(c)(2)(B) states that a lien is not avoided where there is "a tax lien, notice of which is properly filed." There is a tax lien in this case. Notice was properly filed. Section 522(c)(2)(A) and (B) are connected by an "or". This means that failure to meet the test of either section makes a lien unavoidable since 11 U.S.C. § 102(5) states that "or" is not exclusive. Section (A) requirements are not met due to avoidance of the lien under § 724(a). The Section (B) requirement is met since the IRS has a duly filed tax lien. Section B does not distinguish between taxes, interest and penalties. Therefore, the lien remains as to the tax, interest and penalty portions of the tax debt.

This result reverses the result of my decision of April 30, 1985. That decision was based solely on the tax penalty liens' avoidability under § 724(a). This decision is made on the basis of § 522(c)(2) and the result of my April 30, 1985, Order is overruled to the extent it is inconsistent with this decision.

Therefore, IT IS ORDERED that:

1. The debts of the Debtors to the United States Internal Revenue Service for taxes including interest and penalties for the tax years 1974, 1975, and 1979 are discharged.

2. The liens of the United States Internal Revenue Service for the taxes owed by the Debtors for the tax years 1974, 1975 and 1979 including interest and penalties are not avoided as to exempt property of the Debtors.

3. The debt of the Debtors to the United States Internal Revenue Service for taxes, including interest and penalties for the year 1981 is not discharged, nor is the lien for those taxes avoided.

4. The debts of the Debtors for income taxes, interest and penalties owing to the Minnesota Department of Revenue for the years 1974, 1975, 1979 and 1981 are discharged.