**In re Robert H. ISOM; Mary E. Isom, Debtors.**

**Robert H. ISOM; Mary E. Isom, Appellants,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellee.**

No. 89–35032.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1990.

Decided April 13, 1990.

W. Jeff Davis, Hawley, Troxell, Ennis & Hawley, Boise, Idaho, for appellants.

Joel A. Rabinovitz, Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before WRIGHT, REINHARDT and O'SCANNLAIN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The question presented is whether the I.R.S. must release tax liens, pursuant to

26 U.S.C. § 6325(a)(1), when the underlying tax debt has been discharged in bankruptcy.

## BACKGROUND

There are no material facts in dispute. Robert and Mary Isom filed for chapter 7 bankruptcy in March 1987. At that time, the I.R.S. had valid tax liens against the debtors' property for unpaid taxes from 1974 through 1982. The taxes were dischargeable under 11 U.S.C. §§ 523(a)(1), 507(a)(7), and 727.

The debtors sought an order in the bankruptcy proceeding to compel the I.R.S. to release the liens under 26 U.S.C. § 6325(a)(1). The bankruptcy court granted that relief by summary judgment in favor of the debtors. The Bankruptcy Appellate Panel reversed with one judge dissenting. *In re Isom*, 95 B.R. 148 (9th Cir. BAP 1988). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm the judgment of the Bankruptcy Appellate Panel.

## ANALYSIS

We review de novo the appellate panel's decision. *Romley v. Sun Nat'l Bank (In Re Two S. Corp.)*, 875 F.2d 240, 242 (9th Cir.1989). We review de novo the bankruptcy court's decision granting summary judgment. *Id.*

The Internal Revenue Code, at 26 U.S.C. § 6325(a)(1), provides that a lien shall be released when:

> The Secretary finds that the *liability for the amount assessed* ... has been fully satisfied or *has become legally unenforceable*. (Emphasis added)

The debtors argue that the liability becomes legally unenforceable upon the discharge of taxes in bankruptcy,[1] so the liens must be released. We disagree.

The liability for the amount assessed remains legally enforceable even where the underlying tax debt is discharged in the bankruptcy proceeding. A discharge in bankruptcy prevents the I.R.S. from taking any action to collect the debt as a personal liability of the debtor. The debtors concede, however, that their property remains liable for a debt secured by a valid lien, including a tax lien. *See Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); *see also Southtrust Bank v. Thomas (In re Thomas)*, 883 F.2d 991, 997 (11th Cir.1989) (discussing Congressional intent to codify the rule of *Long v. Bullard*); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 361, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5862; S.Rep. No. 95–989, 95th Cong., 2d Sess. 76, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5862 (indicating Congressional intent that the rule of *Long v. Bullard* survive).

We hold that 26 U.S.C. § 6325(a)(1) does not require the I.R.S. to release valid tax liens when the underlying tax debt is discharged in bankruptcy.

The debtors argue that although *liability* is not defined in the tax code, "liability for the amount assessed" refers only to personal liability.[2] We reject that strained reading of § 6325. That provision is designed to protect taxpayers by requiring the I.R.S. to release liens when the tax debt has become satisfied or is no longer legally enforceable. Allowing these liens to remain alive does not defeat the purpose of

---

1. 11 U.S.C. § 524(a)(2) provides that a discharge:

   operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived ...

   Prior to 1984, this provision also prohibited proceedings against the property of the debtor. The provision was amended and now only prohibits actions to recover debt as a personal liability of the debtor.

2. Debtors argue that if liability, as used in § 6325, means only personal liability, then the discharge of taxes in bankruptcy would require the I.R.S. to release the liens because the "liability for the amount assessed" would be "legally unenforceable." Yet, the bankruptcy code provides that valid tax liens survive. The debtors' argument concentrates on resolving this apparent conflict between the tax and bankruptcy codes. Because we reject their premise that liability under § 6325 means only personal liability, and in doing so find that the codes are not in conflict, we need not address their proposed resolutions.

§ 6325 because Congress intended for valid tax liens to survive bankruptcy.[3]

Finally, the debtors argue, and the BAP dissenting judge agreed, that allowing the liens to remain defeats the fresh start policy underlying the bankruptcy code. We disagree. 11 U.S.C. § 522 allows debtors to exempt stated property from the bankrupt estate so that they may have a fresh start. It also provides for the survival of tax liens on that property. 11 U.S.C. § 522(c)(2)(B). In defining fresh start, Congress took cognizance of the fact that tax liens would survive.

AFFIRMED.

**3.** The BAP found that while *in personam* liability may be discharged, *in rem* liability remains enforceable for purposes of § 6325. *In re Isom,* 95 B.R. 148, 151 (9th Cir. BAP 1988). The BAP decision has been cited for this proposition. *See, e.g., In re Holland,* 102 B.R. 208, 210 (Bankr.S.D.Cal.1989). We reject this distinction. While this result makes sense in the bankruptcy discharge context, it might not make sense if applied in other contexts. For example, if a taxpayer prevails in a court action against the I.R.S. and is discharged of personal liability, the I.R.S. would not necessarily be required to release the liens under the BAP's reasoning. The better approach is to determine the legal enforceability of the liability by referring to the relevant law affecting the liens. In this case, we refer to the bankruptcy code to determine if the liability is legally enforceable.