**In re James & Josephine DILLARD d/b/a Dillard's Service Station, Debtors.**

**James & Josephine DILLARD d/b/a Dillard's Service Station, Plaintiffs,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 86 B 20285.**
**Adv. No. 89 A 1084.**

United States Bankruptcy Court, N.D. Illinois, E.D.

July 31, 1990.

Forrest L. Ingram, J. Barton Kalish & Colleagues, Chicago, Ill., for plaintiffs.

Luanne S. DiMauro, Asst. U.S. Atty., Office of Dist. Counsel, I.R.S., Chicago, Ill., Mark A. Winer, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

JACK B. SCHMETTERER, Bankruptcy Judge.

James and Josephine Dillard, d/b/a Dillard's Service Station, ("Plaintiffs") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Internal Revenue Service ("IRS") filed a proof of claim and asserts that it holds a tax lien on all of Plaintiffs' property. Plaintiffs filed an objection to the IRS's claim and shortly thereafter filed this adversary complaint seeking judgment that the IRS "has no valid ... right to assert secured status" in this proceeding and that Plaintiffs "are discharged from all unenforceable and uncollectible taxes" listed as secured claims in

the IRS's proof of claim. Both parties moved for summary judgment. For the reasons discussed below, the IRS's motion for summary judgment is allowed and Plaintiffs' motion for summary judgment is denied.

### Summary Judgment Standards

Under Rule 56 F.R.Civ.P. (Bankr.R.7056), summary judgment is appropriate only if the entire record shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Morgan v. Harris Trust and Savings Bank of Chicago*, 867 F.2d 1023, 1026 (7th Cir.1989). When ruling on such a motion, a court must view the record and draw all inferences in a light most favorable to the non-moving party. *Morgan*, 867 F.2d at 1021.

On cross motions for summary judgment the court must rule on each party's motion individually. *ITT Indus. Credit Co. v. D.S. America, Inc.*, 674 F.Supp. 1330 (N.D.Ill.1987). Cross-motions for summary judgment do not require the court to decide the case on those motions; the court can deny both motions if both parties have failed to meet the burden of establishing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. *Id.*

### Undisputed Facts [1]

On November 29, 1983 the IRS recorded a federal tax lien against plaintiffs with the Recorder of Deeds for Cook County. The lien was based on unpaid federal income taxes for the years 1978 through 1982. That lien was again recorded on May 22, 1989.

On November 18, 1986 the IRS levied against Plaintiffs' home at 8654 South University Avenue, Chicago, Illinois based on the original recorded lien. On that same day the IRS served Plaintiffs with a notice of seizure.

On December 30, 1986 Plaintiffs filed their petition for relief under Chapter 11 of Title 11 of the United States Code.

On February 20, 1987 the IRS filed a proof of claim asserting that Plaintiffs were indebted to the United States for the sum of $94,049.64 as of the petition date. The IRS asserted a secured claim in the amount of $85,307.39, consisting of $21,159.89 in allegedly unpaid federal income taxes for the years 1978 through 1982, interest of $37,251.36 on those taxes, and penalties of $26,896.14.

On December 5, 1989 Plaintiffs filed an objection to the IRS claim pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3007.

On December 7, 1989 Plaintiffs filed this adversary complaint. The United States filed its answer on January 11, 1990.

Other relevant undisputed facts are set forth in the discussion that follows.

### Jurisdiction

United States District Courts have subject matter jurisdiction over cases under Title 11 U.S.C. and proceedings arising under, arising in, or related to such cases. 28 U.S.C. § 1334. Each District Court is authorized to refer such cases and proceedings to the Bankruptcy Judges for the district. 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has made such a referral pursuant to Local Rule 2.33.

In a core proceeding that arises in or arises under Title 11, a Bankruptcy Judge is authorized to "hear and determine" the proceeding. 28 U.S.C. § 157(b)(1). Determinations as to the "validity, extent, or priority of liens" and the dischargeability of particular debts are both specifically enumerated as core proceedings. 28 U.S.C. § 157(b)(2)(K), (I). Accordingly, this court

---

**1.** The parties state that the facts are undisputed. Indeed, the United States admitted in its answer virtually every fact that Plaintiffs alleged in their Complaint. However, only the United States filed a Statement of Material Facts under Local District Rule 12(%il%i ). Plaintiffs did not file a response to the United States' Statement of Material Facts as required by Local District Rule 12(m), nor did they file their own Statement of Material Facts in support of their motion for summary judgment. Therefore the statement of the United States is undisputed.

is authorized to enter final judgment and orders in this proceeding.

### Discussion

The IRS has specifically conceded that the underlying debt for income taxes allegedly owed by Plaintiffs for 1978 through 1982 is dischargeable in bankruptcy under 11 U.S.C. §§ 1141(d), 523(a)(1) and 507(a)(7) because the tax returns for those years were filed more than two years prior to the date the bankruptcy petition was filed and the taxes were assessed for at least 240 days as of the petition date. IRS Statement of Material Facts ¶ 5. Plaintiffs have not challenged the validity of the IRS's tax lien. Further, it is well established under 26 U.S.C. § 6321 that a federal tax lien attaches to every interest in property that the taxpayer has or acquires during the time the lien is in effect.[2] *United States v. National Bank of Commerce*, 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985); *In re Financial Alternatives, Inc.*, 96 B.R. 844, 849 (Bankr.N.D.Ill.1989). The issue in this case is whether the IRS must release its tax lien on Plaintiffs' property when the tax obligations which gave rise to that lien are dischargeable in bankruptcy.

As a general matter, a valid pre-petition lien survives bankruptcy even if the obligation that was the basis for the lien is a dischargeable obligation. The Seventh Circuit has tangentially addressed this point in the context of a debtor's efforts to extinguish a secured creditor's lien, on grounds that the secured creditor filed its proof of claim late. *In re Tarnow*, 749 F.2d 464 (7th Cir.1984). The court explained:

A long line of cases ... allows a creditor with a loan secured by a lien on the assets of a debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceeding and *look to the lien for the satisfaction of the debt.* Of course if there is some doubt whether the collateral is adequate for this purpose the creditor may want to file a claim with the bankruptcy court, so that in the event the collateral falls short he will have a claim against the estate (though just as an unsecured creditor) for the shortfall.

Id. at 465 (citations omitted) (emphasis added). The court further reasoned that "the simple and effective method of discouraging [late claims] is to dismiss the claim (that is, the claim against the bankrupt estate, as distinct from the claim against the collateral itself), out of hand, because it is untimely." 749 F.2d at 466. Accordingly, the court concluded that the secured creditor's lien survived, but its unsecured claim for any deficiency was time-barred. *See also In re Lindsey*, 823 F.2d 189, 190 (7th Cir.1987) (lienor need not file a proof of claim in bankruptcy to enforce its lien).

Judge Coar of this court, relying on *Tarnow*, has succinctly explained:

If the mortgagor files a Chapter 7 petition and receives a discharge, it is clear that it is no longer personally liable on the note. The mortgagee can only look for in rem satisfaction of the debt. It is well settled that valid liens that have not been disallowed or avoided survive the discharge of the underlying debt.

*In re Ryan*, 100 B.R. 411, 415 (Bankr.N.D. Ill.1989).

As the reasoning in *Tarnow* and *Ryan* indicates, under the Bankruptcy Code the mere fact that Plaintiffs' federal income tax obligations are dischargeable in bankruptcy does not mean that the IRS's tax liens are invalid. Without a lien, the IRS would have only an unsecured claim against Plaintiffs' bankruptcy estate. The underlying unsecured tax obligation would be discharged in bankruptcy, but the claim would entitle the IRS to participate in distribution of estate assets, if any. When the IRS took the additional step of obtaining the tax lien it acquired an additional bundle of rights. The IRS became a se-

---

**2.** 26 U.S.C. § 6321 provides:
If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest ... or assessa- ble penalty ...) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

cured creditor under 11 U.S.C. § 506(a). As such the IRS became entitled to certain rights, including the right to have its interest in Plaintiffs' property adequately protected during the reorganization proceeding. *See* 11 U.S.C. § 362(d). Further, as explained in *Tarnow* and *Ryan*, the IRS's rights against the liened property survive the bankruptcy notwithstanding the fact that the underlying obligations are dischargeable. *See generally Lindsey*, 823 F.2d at 191 ("The main purpose served by section 506 is to put the secured creditor who chooses to pursue his rights in bankruptcy in the same position that he would occupy if he had decided to bypass bankruptcy.").

■ The discussion so far has focused on the Bankruptcy Code. However, the issue in this proceeding is more complicated. A provision of the Internal Revenue Code, 26 U.S.C. § 6325 provides in part:

> (a) Subject to such regulations as the Secretary may prescribe, *the Secretary shall issue a certificate of release of any lien* imposed with respect to any internal revenue tax not later than 30 days after the day on which—
>
> (1) *The Secretary finds that the liability for the amount assessed,* together with all interest in respect thereof, has been fully satisfied or *has become legally unenforceable* ...

26 U.S.C. § 6325(a)(1) (emphasis added).

Given that the IRS concedes that the tax obligations owed by Plaintiffs are dischargeable in bankruptcy, Plaintiffs contend that the obligations are "legally unenforceable" within 26 U.S.C. § 6325(a)(1).[3] Plaintiffs therefore argue that the liens must be released.

The Ninth Circuit has recently addressed the very issue raised by this case in *In re Isom*, 901 F.2d 744 (9th Cir.1990). In *Isom*, as here, the debtor sought an order compelling the IRS to release certain tax liens on the theory that the underlying income tax obligations were dischargeable. The Ninth Circuit ruled against the debtor, specifical-

ly holding that "26 U.S.C. § 6325(a)(1) does not require the I.R.S. to release valid tax liens when the underlying tax debt is discharged in bankruptcy." 901 F.2d at 745. The Ninth Circuit reasoned:

> The liability for the amount assessed remains legally enforceable even where the underlying tax debt is discharged in the bankruptcy proceeding. A discharge in bankruptcy prevents the I.R.S. from taking any action to collect the debt as a personal liability of the debtor. The debtors concede, however, that their property remains liable for a debt secured by a valid lien, including a tax lien. *See Long v. Bullard*, 117 U.S. 617 [6 S.Ct. 917, 29 L.Ed. 1004] (1886); *see also Southtrust Bank v. Thomas (In re Thomas)*, 883 F.2d 991, 997 (11th Cir. 1989) (discussing Congressional intent to codify the rule of *Long v. Bullard*.

Id. at 745. The Ninth Circuit also concluded that this construction of 26 U.S.C. § 6325(a) did not violate the fresh start policy because "Congress intended for valid tax liens to survive bankruptcy." Id. at 746. *See also Holland v. Commissioner of Internal Revenue*, 102 B.R. 208 (Bankr. S.D.Cal.1989) (in rem action against property subject to a tax lien survived discharge even though the underlying tax obligations were dischargeable); *In re Cohn*, 88–1 U.S. T.C. ¶ 9202, 1987 WL 59582 (Bankr.N.D.Ill. 1987) (Schwartz, C.J.) ("[w]hile a discharge avoids personal liability of a debtor, a valid lien which has not been properly avoided pre-discharge survives bankruptcy unaltered.")

Plaintiffs concede that "[t]he facts in *Isom* are very similar." Plaintiffs' Br. at 7. They argue, however, that *Isom* misconstrues 26 U.S.C. § 6325(a) and urge this court not to follow *Isom. See In re Isom*, 95 B.R. 148, 151 (9th Cir.B.A.P.1988) (Mooreman, J. dissenting) ("In the instant case, it is undisputed that the debtors' personal liability for the debt has become legally unenforceable. To hold, however, that the prepetition tax liens may still be

---

**3.** Plaintiffs have not challenged the validity of the IRS's tax lien on any grounds other than the discharge in bankruptcy. In other words, Plain-

tiffs' only basis for asserting that the tax lien is "unenforceable" under § 6325(a) is that the tax obligations are dischargeable in bankruptcy.

enforced against the debtors' property is ... contrary to the plain statutory language of § 6325(a)(1).").

The critical issue is the construction to be given to the provision that "liability ... has become unenforceable" in 26 U.S.C. § 6325(a). Neither the word "liability" nor the word "unenforceable" is defined in either the Internal Revenue Code or the Bankruptcy Code.[4]

The critical assumption in Plaintiffs' argument is that because the tax obligations are not excepted from discharge under 11 U.S.C. § 523(a)(1)(A), they are "unenforceable" within 26 U.S.C. § 6325(a).

The effect of discharge is addressed in 11 U.S.C. § 524, which provides:

(a) A discharge in a case under this title—

. . . . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset *any such debt as a personal liability of the debtor*, whether or not discharge is waived....

11 U.S.C. § 524(a)(2) (emphasis added).

The language of 11 U.S.C. § 524 specifically speaks of enjoining efforts to collect a debt as a "personal liability" of the debtor. When the IRS obtained its tax lien it obtained rights against the liened property to secure payment of the tax obligations. Such rights were in addition to the rights it had against Plaintiffs personally. As the language of 11 U.S.C. § 524(a)(2) and the discussion in *Tarnow* and *Ryan* indicate, rights against taxpayers personally are affected by the bankruptcy discharge, but *in rem* lien rights are not. Because a lien holder retains ability to enforce pre-petition dischargeable obligations against the liened property even after bankruptcy discharge, the debtor's obligation survives the dis-

charge to the extent it is secured by the liened property.

A "lien" is defined in the Bankruptcy Code as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(33). Liens secure an obligation. In order for valid liens to survive bankruptcy, as *Tarnow* says they do, the obligation secured by an interest in property must in some sense survive bankruptcy. In other words, the pre-petition lien obligations are not "unenforceable" in the sense that all rights to collect on those obligations were extinguished by the bankruptcy discharge of the underlying debt. Although the lien holder cannot enforce the obligations for unpaid debts personally against the debtor, even following discharge the IRS can pursue its rights against the liened property.

Plaintiffs' argument that their bankruptcy discharge rendered the tax obligations unenforceable under 26 U.S.C. § 6325(a) is correct only to the extent that "unenforceable" refers to IRS rights against the debtor personally. However, the discharge does not extinguish IRS rights with respect to the liened property.

An obligation is in fact not "unenforceable" after discharge if the secured creditor can still collect it by pursuing the liened property. To be truly "unenforceable" under 26 U.S.C. § 6325(a) means that all of the creditor's remedies to satisfy a pre-petition obligation must be extinguished. Since only Plaintiffs' personal liability for the tax obligations was extinguished by the bankruptcy discharge, survival of the lien means that the obligation is not wholly "unenforceable."

The Ninth Circuit's position in *Isom* was correct. Plaintiffs' tax "liability" is not "unenforceable" within 26 U.S.C. § 6325(a) and that provision does not compel the IRS to release its lien.[5]

---

**4.** *Black's Law Dictionary* states that "liability" is "a broad legal term." It then gives an extensive definition that can be summarized as including any kind of debt or obligation of a given party or a claim against that party.

**5.** The IRS also relies on 11 U.S.C. § 522(c)(2)(B) and on a number of opinions citing that provi-

sion for the proposition that a valid tax lien survives in bankruptcy. *See, e.g., In re Mattis,* 93 B.R. 68 (Bankr.E.D.Pa.1988); *In re Perry,* 90 B.R. 565 (Bankr.S.D.Fla.1988). Section 522(c)(2)(B) provides:

Unless the case is dismissed, property exempted under this section is not liable during or

Plaintiffs' motion to have the tax lien extinguished is denied. The cross motion of the United States will be allowed.

after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
(2) a debt secured by a lien that is—
(B) a tax lien, notice of which is properly filed.
This provision and opinions construing it make clear that otherwise exempt property is still subject to a valid tax lien. However, many tax obligations are nondischargeable in bankruptcy.

See 11 U.S.C. § 523(a)(1). The opinions construing 11 U.S.C. § 522(c)(2)(B) do not explain whether the underlying tax obligations at issue were dischargeable or not. If the obligations were not excepted from discharge under § 523(a)(1), then Plaintiffs' position under 26 U.S.C. § 6325(a) would be inapplicable and the lien would survive bankruptcy. These opinions therefore are not directly supportive of the IRS's position in this case.