**In re Charles R. ROUSE, Debtor.**

**Charles R. ROUSE, Plaintiff,**

**v.**

**UNITED STATES of America, ex rel., INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 91–01055–LN.
Adv. No. 91–0176–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

June 5, 1992.

Charles R. Rouse, pro se.

Bruce K. Meneely, Sp. Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

### ORDER ON REQUEST FOR AVOIDANCE OF TAX LIENS

PAUL B. LINDSEY, Bankruptcy Judge.

#### BACKGROUND

On February 14, 1991, debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code.[1] Debtor thereafter filed this adversary proceeding, seeking to determine the dischargeability of certain of his tax obligations under § 523(a)(1), and seeking to determine the validity of, to avoid, and to obtain the release of, certain tax liens insofar as they impair debtor's exempt assets.

A pretrial scheduling conference was held before this court, at which the parties announced that they had reached agreement on all of the dischargeability issues. Further, the parties announced that no facts were in dispute with regard to the sole remaining issue, regarding the tax liens. The court thereupon directed that the parties file a joint stipulation of facts, established a briefing schedule, and agreed to decide the remaining issue upon the briefs. The joint stipulation and the briefs have been filed and the issue is ripe for decision by the court.

---

**1.** References herein to statutory provisions by section number only will be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., unless the context requires otherwise.

## THE STIPULATION

The parties first stipulate to the jurisdiction and venue of the court and to the nature of and basis for the action. In order to resolve the dischargeability issues, the parties then stipulate, in material part, as follows:

1. That debtor's federal income tax (Form 1040) obligations for taxable years 1982, 1983, 1984 and 1985, and his unemployment tax obligations (Form 940) for the taxable periods ended December 31, 1984 and December 31, 1985, including tax, penalties and interest, are dischargeable under § 727(b).

2. That debtor's obligation for the non-trust fund portion of federal employment taxes (Form 941) for taxable periods ended September 30, 1984, December 31, 1984 and September 30, 1985, including interest attributable to the non-trust fund portion and all penalties, are dischargeable under § 727(b).

3. That debtor's obligations for the trust fund portion of employment taxes (Form 941) for taxable periods ended September 30, 1984, December 31, 1984 and September 30, 1985, including interest attributable to the trust fund portion, are not dischargeable under §§ 523(a)(1) and 727(b).

4. That debtor does not seek in the adversary any determination of the dischargeability of income taxes, employment taxes or unemployment taxes for taxable periods ending after December 31, 1986.

The parties then stipulate to the filing, refiling, correction and regularity of various notices of federal tax lien, all in accordance with applicable federal and Oklahoma statutory provisions.

Finally, the parties stipulate that the sole issue remaining to be decided by the court is whether the liens filed by Internal Revenue Service ("IRS") are avoidable under § 522(c).

## THE CONTENTIONS

The parties both rely upon § 522(c), albeit upon different portions thereof.[2]

Debtor concedes that the notices of tax lien were properly filed and perfected more than 90 days prior to the filing of his bankruptcy petition. Debtor further concedes his inability to discover any ruling on the tax lien issue by the United States Court of Appeals for the Tenth Circuit. Debtor focuses his argument entirely upon § 522(c)(1) and § 523(a)(1), apparently contending that the combination of these two provisions take precedence over, or otherwise somehow defeat the applicability of § 522(c)(2)(B).

In debtor's brief, the sole citation of authority for his position is to 3 *Collier on Bankruptcy*, ¶ 523.06[10] (15th ed. 1979). Reference therein is made to the omission from the 1979 Code of the Bankruptcy Act provision permitting collection of discharged tax liability from exempt property of the debtor, and to the inclusion in the Code of § 522(c)(1). It is then stated that, under the Code, "discharge will not be a bar to collection of nondischarged taxes against exempt property, but will bar collection of discharged taxes from exempt property." *Id.*

Debtor continues by asserting the absurdity of encumbering a debtor's homestead for the sole purpose of collecting an uncollectible debt which has been discharged; that the continued validity of such liens against exempt property would thwart the "fresh start" philosophy of the Code by prohibiting the reestablishment of credit and the conduct of "the normal routines of life."

Debtor concludes by asserting that such liens "would prevent the sale of the homestead, the obtaining of an automobile loan, a mortgage, a credit card of any type, or

2. In material part, § 522(c) is as follows:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title;

(2) a debt secured by a lien that is—

.　　.　　.　　.　　.

(B) a tax lien, notice of which is properly filed....

even the establishment of basic utility services without large deposits," and that "[t]he applicable provisions of the bankruptcy code require the avoidance of the liens in question."

IRS, in its brief, first asserts that it is clear that under § 523(a)(1), liability for nondischargeable taxes may be enforced against exempt property, and that § 523(a)(1) does not address tax liens, whether securing dischargeable or nondischargeable tax obligations. IRS next moves to § 522(c)(2)(B), and contends that Congress enacted that provision in order to codify the rule that a debtor's property remains liable for a debt secured by a valid lien (including a tax lien), a rule first announced in *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886). It is further contended that under § 522(c)(2)(B), exempt property remains liable for pre-petition tax debts for which a notice of federal tax lien was properly filed, even though the tax lien secures taxes which are dischargeable or which have been discharged. For the latter proposition, IRS cites *In re Isom,* 901 F.2d 744 (9th Cir.1990); *Davenport v. United States,* 136 B.R. 125 (D.W.D.Ky. 1991); *In re Rench,* 129 B.R. 649 (Bankr. D.Kan.1991); *In re Leavell,* 124 B.R. 535 (Bankr.S.D.Ill.1991); and *In re Dillard,* 118 B.R. 89 (Bankr.N.D.Ill.1990).

IRS addresses debtor's "fresh start" contention by pointing out that the contention was rejected by the court in *Isom, supra,* and that while the Code allows the debtor a fresh start, it also specifically provides for the survival of tax liens.

IRS concludes by asserting that debtor's argument, if accepted, would result in improperly expanding the extent of the § 727 discharge, which only extinguishes the personal liability of the debtor, without affecting the enforceability of a valid lien against debtor's property.

## DISCUSSION AND DECISION

While the language from *Collier,* cited by debtor, would on the surface appear to

support his contention, it must be noted that that language is found in the treatise's discussion of § 523(a)(1), the provision referred to in § 522(c)(1), under which the dischargeability of tax liabilities is determined. In the *Collier* provision relied upon by debtor, reference is made only to § 522(c)(1), and not to § 522(c)(2).

This court has reviewed the *Collier* references to § 522(c)(2).[3] That discussion centers on § 522(c)(2)(A), involving liens avoided, pursuant to the trustee's avoidance powers and otherwise, and the court finds no reference whatever to § 522(c)(2)(B). A possible explanation, which would clearly be unsatisfactory to debtor herein, is that § 522(c)(2)(B) is so clear and unambiguous to not require discussion or further examination.

Although the parties in this case have centered their arguments on § 522(c), it is noted that many of the cases cited by IRS were brought seeking to compel IRS to release its tax liens, and were decided primarily based upon interpretation of a provision of the Internal Revenue Code which requires the release of a tax lien within 30 days after "[t]he Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable...." [4]

In *Isom* and *Dillard,* it was concluded that the discharge of a tax liability in bankruptcy did not render the obligation "legally unenforceable," but simply prevented IRS from attempting to collect the debt as the personal liability of the debtor.[5] It was therefore concluded that the discharge of the obligation did not require IRS to release its tax liens.

It is noteworthy that the only mention of § 522(c)(2) in *Isom* was almost as an aside, in connection with the almost perfunctory rejection of debtor's "fresh start" argument. *Isom,* 901 F.2d at 744. In *Dillard,* § 522(c)(2)(B) is mentioned only in a final footnote, and it is not at all certain that the result would have been the same had IRS

---

**3.** *Collier, supra,* at ¶¶ 522.27 and .28.

**4.** 26 U.S.C. § 6325(a).

**5.** *See* § 524(a)(2).

relied only upon that provision. *Dillard,* 118 B.R. at 93 n. 5.

In *Rench,* the court, citing *In re Gerulis,* 56 B.R. 283 (Bankr.D.Minn.1985), specifically holds that § 522(c)(2)(B) "prevents avoidance of a lien for tax penalties, where the IRS has properly filed notice of tax lien." *Rench,* 129 B.R. at 651.

It is this court's view that the Congress, in the clear and unequivocal language of § 522(c)(2)(B), intended to preserve the validity of a properly perfected pre-petition tax lien, against exempt property of the debtor, whether or not the underlying tax obligation is dischargeable or has been discharged, just as would be the case with a properly perfected pre-petition mortgage lien. Only the personal liability of the debtor for the obligation would be discharged.

Based upon the foregoing, no objection having been raised with regard to the validity of the tax liens herein, and the propriety of the filing of the notices thereof having been stipulated to, IRS is entitled to judgment in its favor on the tax lien issue as described in the pleadings and herein. Judgment will be entered in accordance with the stipulation of the parties on the dischargeability issues raised in the pleadings.

IT IS SO ORDERED.