UNITED STATES of America, Appellant,

v.

Guillermo Z. URIA, Appellee/Debtor.

UNITED STATES of America, Appellant,

v.

Esther X. URIA, Appellee/Debtor.

Nos. 94–6314–CIV, 94–6471–CIV.
Adv. Nos. 93–0821–BKC–AJC–
A, 93–0820–BKC–RBR–A.

United States District Court,
S.D. Florida.

March 30, 1995.

Mark Stier, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellant.

Mariaelena Gayo-Guitian, Gary J. Rotella & Associates, P.A., Fort Lauderdale, FL, for appellees.

## FINAL ORDER AFFIRMING IN PART AND REVERSING IN PART BANKRUPTCY COURT'S MEMORANDUM OPINION AND JUDGMENT

ARONOVITZ, District Judge.

BEFORE THIS COURT are two appeals filed by the United States of America ("United States") which pertain to a Memorandum Opinion, dated December 20, 1993, and its corresponding Final Judgment dated January 24, 1994, entered by visiting United States Bankruptcy Judge Basil H. Coutrakon.[1] What spawned two appeals is the fact that this same Final Judgment was entered in two different bankruptcy cases at two different times.[2]

This Court heard oral argument on this appeal on March 27, 1995, and has carefully considered all briefs submitted on appeal, oral argument of counsel, the entire record, the applicable law and is otherwise fully advised in the premises. For the following reasons, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's Memorandum Opinion, dated December 20, 1993, and its corresponding Final Judgment dated January 24, 1994 are hereby **AFFIRMED IN PART AND REVERSED IN PART.**

1. United States Bankruptcy Judge Basil H. Coutrakon was sitting by assignment from the United States Bankruptcy Court for the Central District of Illinois.

2. On January 27, 1994, the Final Judgment was entered in Case No. 93–0821–BKC–AJC–A involving Guillermo Z. Uria, as Debtor. On March 22, 1994, this same Final Judgment was entered in Case No. 93–0820–BKC–RBR–A involving Esther X. Uria, as Debtor. The Final Judgments entered on January 27, 1994 and March 22, 1994, respectively, were entered in conformity with the December 20, 1993 Memorandum Opinion on Debtor's Complaint to Determine Dischargeability of Tax Liability and Objection to Secured Claim. Because the same findings of fact and conclusions of law apply to the adversary proceedings of both Guillermo Z. Uria and Esther X. Uria, this Court Granted Appellee's Motion for Consolidation of Appeals regarding case numbers 94–6314–CIV–ARONOVITZ and 94–6471–CIV–ARONOVITZ on August 29, 1994.

### Factual and Procedural Background

On April 22, 1993, Guillermo Z. Uria and Esther X. Uria each filed separate petitions for bankruptcy under Chapter 7 of the Bankruptcy Code. On August 10, 1993, each Debtor filed an adversary Complaint to Determine Dischargeability of Tax Liability and Objection to Secured Claim.

Debtors alleged that the tax liability for years 1975, 1976, 1977, 1978, 1986, 1987, 1989, 1990, and 1991 were on income due and owing more than three years before the filing of the petition. Debtors therefore alleged that such taxes, interest and penalties should be dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A), (a)(7) and § 727. Debtors further alleged that the federal tax liens may be avoided, pursuant to 11 U.S.C. § 506(d), to the extent the lien secures a claim that is not an allowed secured claim.[3]

### Bankruptcy Court's Memorandum Opinion and Judgment

The two adversary proceedings filed by Guillermo Z. Uria and Esther X. Uria were tried together but not consolidated.

The IRS acknowledged that Debtor's tax liability for years 1986, 1987, and 1989 satisfied the statutory requisites for dischargeability under 11 U.S.C. § 523(a)(1).[4] The Bankruptcy Court found that Debtors met their burden of making a prima facie showing of dischargeability. Therefore, the United States had the ultimate burden of proof to show the taxes were nondischargeable under 11 U.S.C. § 523(a)(1)(C).[5]

The trial involved whether Debtor's 1986, 1987 and 1989 tax obligations were excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C). United States had the burden to show Debtor's tax liabilities were nondischargeable. More particularly, United States had to prove under § 523(a)(1)(C) that Debtor "willfully attempted in any manner to evade or defeat such taxes."

The Bankruptcy Court found that United States did not show by a preponderance of the evidence that Debtor, Guillermo Z. Uria, voluntarily, intentionally or consciously attempted to evade payment of his 1986, 1987 and 1989 taxes. Accordingly, the Bankruptcy Court concluded that all tax liability for or resulting from tax years 1975, 1976, 1977, 1978, 1986, 1987 and 1989 including penalties, interest and statutory additions are determined to be dischargeable.

Next, the Court held that because the underlying tax liabilities were discharged, the federal tax liens for these liabilities were unenforceable and should be released. The Court reasoned that pursuant to 11 U.S.C. § 506(d)[6], the federal tax liens may attach to any real or personal property in which the Debtor may have an interest to the extent there is value to which it can attach. The Court found that there was no equity to secure the federal tax liens. Moreover, the Court found that the federal tax liens were unenforceable under 26 U.S.C. § 6325(a)(1) and § 6834 (See infra p. 10). The Bankruptcy Court specifically stated:

> It is difficult for this Court to conceptualize that a lien which does not encumber or

**3.** Notices of Federal Tax Liens were filed by the IRS on October 6, 1987, June 3, 1988, March 7, 1989, December 10, 1991, March 4, 1992, June 19, 1992 and January 14, 1993.

**4.** The parties stipulated that the tax liability for years 1975, 1976, 1977 and 1978 was dischargeable as to both Guillermo Z. Uria and Esther X. Uria. Secondly, the parties stipulated that the tax liability for years 1986, 1987, 1989 was dischargeable as to Esther X. Uria. Thirdly, the parties stipulated that the tax liability for years 1990 and 1991 was nondischargeable as to Guillermo Z. Uria and dischargeable as to Esther X. Uria.

**5.** 11 U.S.C. § 523(a)(1)(C) provides in pertinent part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
  (1) for a tax or customs duty—
    (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

**6.** 11 U.S.C. § 506(d) provides:

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
  (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
  (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

attach to a specific, identifiable property and is no longer legally enforceable cannot be released when the same is provided for under the law. *Memorandum Opinion*, at 13.

Accordingly, the Bankruptcy Court concluded that the federal tax liens should be released by the United States. United States appeals the Bankruptcy Court's decision which was entered in both Guillermo Z. Uria and Esther X. Uria's separate adversary cases.

**The issues on appeal are:**

(1) Whether the Bankruptcy Court erred in ruling that Debtor did not willfully attempt to evade or defeat his tax liabilities under 11 U.S.C. § 523(a)(1)(C), and

(2) Whether the Bankruptcy Court erred in finding that the federal tax liens are unenforceable and should be released.

### *Standard of Review*

■ In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.*, 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to *de novo* review. *In re Chase & Sanborn Corp.*, 904 F.2d at 593; *In re Sublett*, 895 F.2d 1381 (11th Cir.1990).

■ While the Bankruptcy Court's factual findings are subject to a clearly erroneous standard, that standard does not apply when determining the propriety of the Bankruptcy Judge's conclusions of law, (i.e.) determination of what law applies or determination of the ultimate legal conclusions resulting from the application of the law to the facts. Legal conclusions made by the Bankruptcy Judge may not be approved by the District Court without an independent determination. *In re Columbia Data Products, Inc.*, 99 B.R. 682, 684 (D.Md.1989), *affirmed*, 892 F.2d 26 (4th Cir.1989); *citing, In re Hunter Sav. Ass'n,*

34 B.R. 368, 374 (Bankr.S.D.Ohio 1983), *reversed on other grounds*, 750 F.2d 536 (6th Cir.1984); *In re Hollock*, 1 B.R. 212, 215 (Bankr.M.D.Pa.1979). This Court has applied the proper standard of review to the issues involved in this appeal.

### *The Bankruptcy Court correctly found that Debtor did not willfully attempt to evade taxes*

■ The issue of whether Debtor willfully attempted to evade payment of taxes is a question of fact for the Bankruptcy Judge to determine from the totality of the record. *In re Berzon*, 145 B.R. 247, 250 (Bankr.N.D.Ill. 1992).

■ In this case, the Bankruptcy Court specifically found that:

... the Debtor neither submitted any false withholding information to the IRS, nor did he *ever* fail to file his tax returns. Additionally, the Debtor did not live a lavish lifestyle, transfer assets to third parties or fail in any way to cooperate with IRS agents ...

[Debtor] has at all times relevant hereto disclosed all of his income, filed timely tax returns and paid his personal income tax liabilities. As a result of the disallowance of certain tax shelters in 1976, 1977 and 1978, the Debtor was faced for the first time in 1986 with an unexpected tax liability and assessments totalling in excess of $300,000.00 which he was unable to pay while remaining current on his 1986 tax liability.

The evidence and testimony clearly establish that although the Debtor did not withhold income tax during 1986 the same was not due to an attempt to evade the payment of said taxes but rather an inability to pay both the assessed taxes for the 1976–1978 years in excess of $300,000.00 and his current 1986 tax year liability. The Court finds that had the debtor possessed any intent to evade payment of taxes he would not have made a voluntary payment to the IRS in December, 1986 for

$100,000.00 by mortgaging his home. *Memorandum Opinion*, at 8.

The Bankruptcy Court went on to find:

... based upon the totality of the record that the evidence in this case does not rise to the level of an intentional or conscious attempt by this Debtor to evade the payment of taxes. Instead, the Court finds this Debtor to have been an honest man who filed his tax returns timely and made a genuine effort to pay the IRS the tax due for 1986, 1987, and 1989 and did not attempt in any manner to evade the payment of his taxes for these years by failing to withhold in 1986 and only partially withholding in 1987 and 1989. The evidence showed that the Debtor did not intentionally attempt to evade payment of his taxes for 1986, 1987 and 1989, but instead was unable to pay the full liability timely while paying back the tax liability assessed for the 1976–1978 years. Contrary to the IRS allegations, the Debtor did not fail to have sufficient withholding during 1987 and 1989 but instead did not have withheld from his wages sufficient amounts to cover his entire tax liabilities for those years. Moreover, the Court finds that there was no evidence of any scheme by this Debtor to try to evade the payment of his income taxes for each of those years. In fact, the evidence shows that the Debtor made numerous voluntary payments to the IRS, including a $100,000.00 payment in 1986 and subsequent payments during 1988, 1989, 1990, 1991, and 1992 to pay the balance due for prior years. *Memorandum Opinion*, at 10–11.

■ On appeal, United States has the burden to show that these findings are clearly erroneous. United States relies in part upon the Bankruptcy Judge's statement at the close of trial:

I see Dr. Uria on the stand. I thought he made a good witness. I thought he was honest and I think he was aware of his responsibility. That he chose not to make full compliance I think is not enough to deny him a discharge that the bankruptcy act so generously offers to honest appellees. *Trial Transcript*, at 104.

United States argues that the fact that the Bankruptcy Judge stated on the record that Debtor chose not to make full compliance with his tax obligations is enough to constitute a willful attempt to evade taxes. However, the Bankruptcy Judge goes on to state:

I cannot find that Dr. Uria willfully intended to favor any other creditor. I cannot find that he did that willfully. I also find he did nothing to willfully harm anybody. *Trial Transcript*, at 104.

Moreover, the Memorandum Opinion and the specific findings therein speak volumes as to the Bankruptcy Court's conclusion from **all the evidence** that Debtor did not willfully attempt to evade payment of taxes. This Court therefore finds that United States has not met its burden of showing that the Bankruptcy Court clearly erred in finding that Debtor did not willfully attempt to evade taxes. Accordingly, this Court **AFFIRMS** the Bankruptcy Court's finding that Debtor did not willfully attempt to evade payment of taxes. This Court further **AFFIRMS** the Bankruptcy Court's conclusion that all tax liabilities for or resulting from tax years 1975, 1976, 1977, 1978, 1986, 1987 and 1989 including penalties, interest and statutory additions are dischargeable.

### *The Bankruptcy Court erred in determining that the Federal Tax Liens are unenforceable and should be released*

■ This Court has reviewed *de novo* the Bankruptcy Court's conclusion of law that the federal tax liens are unenforceable and should be released. *In re Columbia Data Products, Inc., supra; In re Hollock, supra.* United States argues that even though the Debtor's tax liability was determined dischargeable, the related federal tax liens survive the bankruptcy and are enforceable. While it is hard for this Court to conceptualize why the federal tax liens should be allowed to survive bankruptcy after the underlying liability is discharged, this Court is bound to follow the law which allows such tax liens to survive bankruptcy. Several cases address this issue and clearly explain why the tax liens should not be released. *In re Dillard*, 118 B.R. 89 (Bankr.N.D.Ill.1990), which follows *In re Isom*, 901 F.2d 744 (9th

Cir.1990), both hold that the IRS's rights against the liened property survive the bankruptcy notwithstanding the fact that the underlying debts are determined dischargeable. *In re Dillard* stated:

As the reasoning in *Tarnow* and *Ryan* [7] indicates, under the Bankruptcy Code the mere fact that Plaintiffs' federal income tax obligations are dischargeable in bankruptcy does not mean that the IRS's tax liens are invalid. Without a lien, the IRS would have only an unsecured claim against Plaintiffs' bankruptcy estate. The underlying unsecured tax obligation would be discharged in bankruptcy, but the claim would entitle the IRS to participate in distribution of estate assets, if any. When the IRS took the additional step of obtaining the tax lien it acquired an additional bundle of rights. The IRS became a secured creditor under 11 U.S.C. § 506(a). As such the IRS became entitled to certain rights, including the right to have its interest in Plaintiffs' property adequately protected during the reorganization proceeding. *See,* 11 U.S.C. § 362(d). **Further, as explained in *Tarnow* and *Ryan,* the IRS's rights against the liened property survive the bankruptcy notwithstanding the fact that the underlying obligations are dischargeable.** (emphasis added) *In re Dillard,* 118 B.R. at 91–92. (citation omitted)

■ The Bankruptcy Court in this case relied on 26 U.S.C. § 6325(a)(1) and § 6834 in ruling that the tax liens were unenforceable. However, 26 U.S.C. § 6834 is not a section which exists in Title 26 of the United States Code. Rather, it appears that the Bankruptcy Court was referring to § 6325(b). In any event, this Court agrees with *In re Dillard* and *In re Isom* that "26 U.S.C. § 6325(a)(1) does not require the IRS to release valid tax liens when the underlying tax debt is discharged in bankruptcy." *In re Isom,* 901 F.2d at 745. Section 6325(a)(1) provides:

(a) **Release of lien.**—Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to

any internal revenue tax not later than 30 days after the day on which—

(1) **Liability satisfied or unenforceable.**—The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable. (underlining provided)

■ Accordingly, this section is "designed to protect taxpayers by requiring the I.R.S. to release liens when the tax debt has become satisfied or is no longer legally enforceable." *In re Isom,* 901 at 745. The erroneous assumption made by the Bankruptcy Court in this case was that because Debtor's tax obligations are dischargeable (i.e. not excepted from discharge under 11 U.S.C. § 523(a)(1)(C)), they are therefore "unenforceable" under 26 U.S.C. § 6325(a)(1). The effect of discharge is expressed in 11 U.S.C. § 524(a)(2), which provides:

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset **any such debt as a personal liability of the debtor,** whether or not discharge of such debt is waived ... **(emphasis added)**

As clearly explained in *In re Dillard:*

The language of 11 U.S.C. § 524 specifically speaks of enjoining efforts to collect a debt as a "personal liability" of the debtor. When the IRS obtained its tax lien it obtained rights against the liened property to secure payment of the tax obligations. Such rights were in addition to the rights it had against Plaintiffs personally. As the language of 11 U.S.C. 524(a)(2) and the discussion in *Tarnow* and *Ryan* indicate, **rights against taxpayers personally are affected by the bankruptcy discharge, but *in rem* lien rights are not. Because a lien holder retains ability to enforce pre-petition dischargeable obligations against the liened property even after bankruptcy discharge, the debtor's obligation survives the discharge to the ex-**

---

**7.** *Matter of Tarnow,* 749 F.2d 464 (7th Cir.1984); *In re Ryan,* 100 B.R. 411 (Bankr.N.D.Ill.1989).

tent it is secured by the liened property. *In re Dillard*, 118 B.R. at 93. **(emphasis added)**

Accordingly, a discharge in bankruptcy does not extinguish United States' rights with respect to the liened property. The Ninth Circuit has concluded that "[a]llowing these liens to remain alive does not defeat the purpose of § 6325 because Congress intended for valid tax liens to survive bankruptcy." *In re Isom*, 901 F.2d at 745–46.

 It should be noted that other courts have held that even though a debtor's tax liability is dischargeable, the related federal tax liens for those years remain enforceable against the exempt assets of a debtor's estate and from any assets acquired prior to the filing of the bankruptcy petition. Property exempted under Section 522 remains liable after the case for any prepetition debt secured by a tax lien, notice of which is properly filed. 11 U.S.C. § 522(c)(2)(B).[8] *In re Rench*, 129 B.R. 649, 651 (Bankr.D.Kan. 1991); *In re Gerulis*, 56 B.R. 283 (Bankr. D.Minn.1985). *In re Stephenson*, 96 B.R. 388 (Bankr.S.D.Fla.1988) (a tax lien recorded against the Debtors' homestead prior to the filing of the Chapter 7 petition remains valid even though the tax obligation itself must be discharged in accord with Section 507(a)(7)(A)(i)).

Contrary to the Bankruptcy Court's finding, there was evidence of equity to which the federal liens could attach. The record reflects that there was approximately $48,000 in equity in Debtors' home. This Court therefore finds that the federal tax liens are enforceable against the liened property and survive the discharge. Accordingly, the Bankruptcy Court's determination that the federal tax liens are unenforceable and should be released is **REVERSED**.

In summary and for the reasons set forth herein, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's Memorandum Opinion, dated December 20, 1993, and its corresponding Final Judgment dated Janu-

ary 24, 1994 are hereby **AFFIRMED IN PART AND REVERSED IN PART.**

DONE AND ORDERED.

---

8. 11 U.S.C. § 522(c)(2)(B) specifically provides that the debtor's exempt property remains subject to debts secured by a properly filed tax lien.

*In re Leavell*, 124 B.R. 535, 540, fn. 6 (Bankr. S.D.Ill.1991); *See also, In re Swafford*, 160 B.R. 246, 248 (Bankr.N.D.Ga.1993).