MADDOX, Justice.
The question presented in this appeal is whether an order excepting a judgment from discharge in bankruptcy is a new judgment under the provisions of § 6-9-211, Ala.Code 1975, which provides, in part, that a judgment that has been filed as provided by law constitutes a lien on the property of the defendant in the county where the judgment is filed, for 10 years after the date of the judgment.[1] We conclude that the order of the bankruptcy court did not constitute a new judgment within the contemplation of § 6-9-211.
The subject judgment was entered in 1988 in favor of CPI Oil and Refining Company, Inc. (“CPI”), and against James Dennis, in *1140 the United States District Court for the Northern District of Alabama, for the sum of $866,474.01 in compensatory damages and $60,000 in punitive damages. Three years later, Dennis filed for Chapter 7 bankruptcy relief; during the pendency of the bankruptcy proceeding, CPI sought a determination that its judgment was not dischargeable in bankruptcy. In 1987, the bankruptcy court entered an order excepting $670,472.96 of the judgment from discharge by bankruptcy, and in 1990 the bankruptcy court’s judgment and the bankruptcy exemption order were filed of record in the office of the judge of probate of Baldwin County.
The current dispute arises out of actions taken by Dennis, who had filed for bankruptcy protection. In 1988, Dennis purchased property in Baldwin County from Doris Par-cell, executing and delivering a promissory note and a mortgage in exchange for the property. Dennis defaulted on the note and mortgage. In 1994 Pareell filed a complaint seeldng a judgment against Dennis for the unpaid balance of the note and mortgage, seeking execution on the property involved to satisfy the judgment, and seeking a determination of the status and priority of each party claiming an interest in the property.
In 1995, the Baldwin County Circuit Court ordered that the land be sold at a public auction. The land was sold for $330,000, and the proceeds were retained by the court clerk to be distributed as determined by the court. Dennis conveyed his statutory right of redemption to his daughter, and in 1997, the court determined that Pareell was first in priority, followed by Borden, Inc., and Unocal Chemical Division of Unocal Corporation, two holders of judgments against Dennis. The court specifically found that CPI did not have a priority lien because the judgment in favor of CPI and against Dennis had not been revived within the 10-year period provided by law. CPI argued that the bankruptcy court’s order was a new judgment within the meaning of the statute and that it constituted a lien on the property owned by Dennis. The circuit court disagreed, holding that the order of the bankruptcy court exempting the judgment from discharge did not constitute a new judgment. Dennis contends that CPI assigned its rights to him and his daughter. Dennis appeals. We conclude that the trial court correctly determined that CPI was not entitled to participate in the distribution of the foreclosure sale proceeds because the action to enforce the lien against the property was instituted more than 10 years after the entry of CPI’s judgment. Therefore, we affirm.
Dennis argues here, as he did in the trial court, that the bankruptcy order exempting CPI’s judgment from discharge constituted a new judgment and created a valid lien against the property. We discuss that argument based on the particular facts presented.
The judgment against Dennis for CPI was entered on September 19, 1983. Doris Par-cell instituted her foreclosure action on November 21, 1994, which was over 10 years from the date on which CPI obtained its judgment. According to § 6-9-211, a judgment lien on property continues only for 10 years after the date of the judgment.
The Baldwin County Circuit Court correctly held that the order of the bankruptcy court exempting the CPI judgment from discharge was not a new “judgment,” and that the holder of the CPI judgment was not entitled to participate in the distribution of the proceeds from the foreclosure sale. This holding is consistent with the holding in In re Wrenn, 40 F.3d 1162 (11th Cir.1994), in which the United States Court of Appeals for the Eleventh Circuit discussed the effect a discharge of a judgment in bankruptcy has on a lien. The court stated:
“A discharge in bankruptcy ‘voids any judgment ..., to the extent that such judgment is a determination of the personal liability of the debtor.’ 11 U.S.C. § 524(a)(1) (1988) [emphasis added in Wrenn]. Thus, discharge does not affect liability in rem, and prepetition liens remain enforceable after discharge. 3 Collier on Bankruptcy ¶ 524.02[1] (Lawrence P. King ed., 15th ed.1994); see Dewsnup v. Timm, 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992); Johnson v. Home State Bank, 501 U.S. 78, 81-83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991); In re Isom, 901 F.2d 744, 745 (9th Cir.1990); SouthTrust Bank v. Thomas (In re Thom *1141 as), 883 F.2d 991, 997 (11th Cir.1989), cert. denied, 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990); Estate of Lellock v. Prudential Ins. Co., 811 F.2d 186, 189 (3d Cir.1987).”
40 F.3d at 1164.
We make the same determination here as was made by the Eleventh Circuit: the bankruptcy court’s order partially discharging the 1983 judgment, as to the aspect of personal liability, did not affect the validity of the 1983 judgment as to the aspect by which that judgment, when recorded, became a lien. Thus, that 1983 judgment was never voided; the 1987 order of the bankruptcy court, therefore, did not constitute a new judgment that could commence the running of a new 10-year period pursuant to § 6-9-211.
Based on the foregoing, we affirm the trial court’s judgment.
AFFIRMED.
HOOPER, C.J., and ALMON, HOUSTON, KENNEDY, and COOK, JJ., concur.
SEE, J., concurs in the result.
LYONS, J., recuses himself.

. Section 6-9-211, Ala.Code 1975 (1993 repl. vol.), provides:
"Every judgment, a certificate of which has been filed as provided in Section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment; provided, that when an action or other proceeding to enforce or foreclose said lien is instituted or begun within said 10 years, but has not been completed, decided, or determined within said 10-year period, and at the time said action or proceeding is instituted or begun, or lien claimed therein, a lis pendens notice thereof is filed in the office of the judge of probate of the county in which said property is situated, the lien provided for in this section shall continue as to the property upon which said lien is claimed in said action or proceeding and may be enforced or foreclosed in that action as if said 10-year period had not elapsed. No insolvency proceedings or declaration of insolvency shall affect or impair such lien, except bankruptcy proceedings instituted within four months after the filing of the certificate of judgment for record as provided by law....”