**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINDA KAY BRYANT,

          Plaintiff-Appellant,

v.

J.P. MORGAN CHASE BANK, N.A. and
NATIONAL DEFAULT SERVICING
CORPORATION,

          Defendants-Appellees.

No. 14-55299

D.C. No. 2:13-cv-08493-SJO-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Linda Kay Bryant appeals pro se from the district court's judgment

dismissing her diversity action alleging state law claims arising from foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Bryant's wrongful foreclosure claim because Bryant failed to allege facts sufficient to show that JP Morgan Chase Bank, N.A. ("Chase") was not a proper party to initiate foreclosure proceedings, and Bryant lacked standing to bring a preemptive suit to challenge Chase's authority to foreclose. *See Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795 (Ct. App. 2016) (California courts do not allow preemptive suits challenging the foreclosing party's authority to foreclose because such suits "would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." (citation omitted)); *Gomes v. Countrywide Home Lonas, Inc.*, 121 Cal. Rptr. 3d 819, 824 (Ct. App. 2011) (California law does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized" absent "a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)).

We reject as without merit Bryant's contentions that the district court erred in dismissing her wrongful foreclosure claim based on her theories that the substitution of trustee was improper, that Chase could not acquire the loan without a recorded assignment, or that Chase's failure to file a proof of claim in her petition for relief under Chapter 7 of the Bankruptcy Code rendered her mortgage loan unsecured. *See* Cal. Civ. Code §§ 2934a, 2934, 2936; *Yvanova v. New Century Mortg. Corp.*, 199 Cal. Rptr. 3d 66, 72-73 (2016) ("The deed of trust . . . is inseparable from the note it secures, and follows it even without a separate assignment."); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) ("[A] creditor's right to foreclose on the mortgage survives or passes through the bankruptcy."); *Isom v. United States (In re Isom)*, 901 F.2d 744, 745 (9th Cir. 1990) (bankruptcy discharge prevents a creditor from collecting debt as a personal liability of the debtor but does not result in release of the lien on secured debt).

The district court properly dismissed Bryant's quasi-contract claim because Bryant failed to allege facts sufficient to show that Chase had received an unjust benefit when she made payments under the loan. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (the quasi-contract cause of action provides for restitution of an unjustly received benefit).

The district court properly dismissed Bryant's quiet title claim because Bryant's theory that the alleged securitization of her loan extinguished her duty to pay under the loan is not legally cognizable, and Bryant failed to allege facts sufficient to show that Chase was not the proper beneficiary under the deed of trust. *See City of Santa Maria v. Adam*, 149 Cal. Rptr. 3d 491, 517 (Ct. App. 2012) ("The purpose of a quiet title action is to finally settle and determine the parties' conflicting claims to the property and to obtain a declaration of the interest of each party.").

The district court properly dismissed Bryant's request for a declaratory judgment because it was duplicative of her quiet title claim. *See id.*

Because the district court properly dismissed Bryant's claims on the merits, we reject Bryant's contention that she was entitled to a preliminary injunction.

The district court did not abuse its discretion in taking judicial notice of the title documents and the Purchase and Assumption Agreement ("P & A Agreement") between the Federal Deposit Insurance Corporation ("FDIC") and Chase. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (setting forth standard review, and explaining the circumstances in which the district court may take judicial notice of documents extraneous to the pleadings in ruling on a motion to dismiss for failure to state a claim).

14-55299

The district court did not abuse its discretion by dismissing Bryant's complaint without leave to amend because an amendment would have been futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.1988) (dismissal without leave to amend is not an abuse of discretion if amendment would be futile).

We do not consider allegations and arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendant National Default Servicing Corporation's motion to join in Chase's answering brief is granted.

All other pending motions are denied.

**AFFIRMED.**